JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Deanna J. Medley | RIH Acquisitions NJ, LLC t/a Atlantic City Hilton and/or The Atlantic Club Casino Hotel, et al |

(b) County of Residence of First Listed Plaintiff   **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Bruce L. Neff, Esquire, Neff & Associates, Two Penn Center Plaza, Suite 1212, 15th Street & JFK Boulevard, Philadelphia, PA  19102 (215) 564-3331

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §1332
Brief description of cause:
Plaintiff claims injuries caused by the misleveling of elevator based on negligence theories.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE  6/24/13

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Deanna J. Medley | : | CIVIL ACTION |
| | : | |
| v. | : | |
| RIH Acquisitions NJ, LLc t/a | : | NO. |
| Atlantic City Hilton and/or | : | |
| The Atlantic Club Casino Hotel, et al | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.                                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.                                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court. (See reverse side of this form for a detailed explanation of special
  management cases.)                                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                 (x x)

| | | |
|---|---|---|
| 6/24/13 | Bruce L. Neff, Esquire | Attorney for Plaintiff |
| **Date** | **Attorney-at-law** | bneff@neffandassociates.com |
| 215-564-3331 | 215-564-6952 | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5940 Christian Street, Philadelphia, PA 19143

Address of Defendant: Boston Avenue and The Boardwalk, Atlantic City, NJ 08401
820 Bear Tavern Road, West Trenton, NJ 08628

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☒

Does this case involve multidistrict litigation possibilities?  Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) Plaintiff claims injuries caused by the misleveling of elevator based on negligence theories.

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, Bruce L. Neff, Esquire , counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 6/24/13 _____ 02415
Attorney-at-Law  Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/24/13 _____ 02415
Attorney-at-Law  Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEANNA J. MEDLEY | : | |
| 5940 Christian Street | | |
| Philadelphia, PA 19143 | : | |
| vs. | | CIVIL ACTION |
| RIH ACQUISITIONS NJ, LLC | : | |
| t/a ATLANTIC CITY HILTON and/or THE | | |
| ATLANTIC CLUB CASINO HOTEL | : | |
| Boston Avenue and The Boardwalk | | |
| Atlantic City, NJ 08401 | : | |
| and | | |
| RIH CASINO RESORTS LLC | : | |
| t/a ATLANTIC CITY HILTON and/or THE | | No.: |
| ATLANTIC CLUB CASINO HOTEL | : | |
| Boston Avenue and The Boardwalk | | |
| Atlantic City, NJ 08401 | : | |
| and | | TRIAL BY JURY DEMAND |
| RIH PROPCO NJ, LLC | : | |
| t/a ATLANTIC CITY HILTON and/or THE | | |
| ATLANTIC CLUB CASINO HOTEL | : | |
| Boston Avenue and The Boardwalk | | |
| Atlantic City, NJ 08401 | : | |
| and | | |
| OTIS ELEVATOR COMPANY | : | |
| 820 Bear Tavern Road | | |
| West Trenton, NJ 08628 | : | |

Plaintiff, Deanna J. Medley, by her attorneys, Neff and Associates, hereby demands

damages of Defendants by way of Civil Action Complaint and avers as follows:

## PARTIES

1.  Plaintiff, Deanna J. Medley, is an adult individual residing at 5940 Christian Street,

Philadelphia, PA 19143.

2.  Defendant, RIH Acquisitions NJ, LLC t/a Atlantic City Hilton and/or The Atlantic Club

Casino Hotel, a citizen of New Jersey is a corporation registered to do business in the State of

New Jersey with its principal place of business located at Boston Avenue and The Boardwalk,

Atlantic City, NJ   08401.

3.   At all material times, Defendant, RIH Acquisitions NJ, LLC owned and operated the Atlantic City Hilton also known as The Atlantic Club Casino Hotel.

4.   Defendant, RIH Casino Resorts LLC t/a Atlantic City Hilton and/or The Atlantic Club Casino Hotel, a citizen of New Jersey, is a corporation registered to do business in the State of New Jersey with its principal place of business located at Boston Avenue and The Boardwalk, Atlantic City, NJ   08401.

5.   At all material times, Defendant, RIH Casino Resorts LLC owned and operated the Atlantic City Hilton also known as The Atlantic Club Casino Hotel.

6.   Defendant, RIH PROPCO NJ LLC t/a Atlantic City Hilton and/or The Atlantic Club Casino Hotel, a citizen of New Jersey, is a corporation registered to do business in the State of New Jersey with its principal place of business located at Boston Avenue and The Boardwalk, Atlantic City, NJ   08401.

7.   At all material times, Defendant, RIH PROPCO NJ LLC owned and operated all the real estate associated with the casino/hotel as well as its fixtures and equipment.

8.   Defendant, Otis Elevator Company, a citizen of New Jersey, is a corporation registered to do business in the State of New Jersey as well as in the State of Pennsylvania with its principal place of business located at 820 Bear Tavern Road, West Trenton, NJ   08628.

9.   Otis Elevator Company has conducted continuous substantial business operations in Pennsylvania at all material times.

10.  Otis Elevator Company has had systematic and continuous contacts with Pennsylvania since 1933.

11.  At all material times, Defendant, Otis Elevator Company (hereinafter referred to as

"Otis"), had contracted with one or all of the RIH Defendants to manufacture and install the elevator at issue in this matter.

12. In addition, Defendant, Otis had contracted with one or all of the RIH Defendants to provide regular maintenance of the elevator to include periodic and systematic examination of the elevator using trained employees to inspect, clean, repair and/or replace various components of the elevators.

13. In connection with the activities set forth in the previous paragraph, Defendant, Otis agreed to test all electronic circuits and settings to assure that they are properly adjusted for the elevator to perform as designed and installed.

## STATEMENT OF JURISDICTION

14. Plaintiff's claim arises out of injuries sustained as a result of the elevator not leveling properly and causing Plaintiff to sustain serious personal injuries on October 22, 2011.

15. This Court has subject jurisdiction pursuant to 28 U.S.C §1332 as the value of damages claimed by Plaintiff will exceed $150,000.00.

16. This Court has personal jurisdiction over Defendants by virtue of their registration to conduct business in Pennsylvania and/or their systematic and continuous contact with the Commonwealth of Pennsylvania.

## STATEMENT OF FACTS OF THE CASE

17. In connection with its duties as set forth in the above paragraphs, Defendant, Otis had employee(s) stationed at the Atlantic City Hilton/Atlantic Club for the sole purpose of inspecting, maintaining, and repairing the elevators and escalators therein.

18. At the time of the incident at issue here in the elevator was jointly under the exclusive control of all Defendants.

19. On or about Saturday, October 22, 2011, at approximately 3:55 p.m. Plaintiff was a business invitee at the Atlantic City Hilton/Atlantic Club.

20. At and around that time, Plaintiff, Deanna Medley and Thomas S. Medley, Jr. entered the elevator adjacent to the street level casino entrance and pressed the button to go to the second floor.

21. Thereafter, the elevator door opened at the second floor. As Plaintiff was stepping out of the elevator it dropped causing Plaintiff to catch her foot on the floor edge, which was higher than the elevator floor and then fall onto her head, back, and buttocks.

22. Plaintiff avers that the elevator at issue had a history of leveling problems.

23. Plaintiff believes and therefore avers that Defendants employees, agents and/or representatives were aware that the elevator in which Plaintiff was riding was not leveling properly.

24. Plaintiff believes and therefore avers that employees of RIH Defendants had notified the onsite Otis employee of the leveling problem prior to the incident at issue herein.

25. The RIH Defendants' failure to assure that repairs were timely made to the elevator was a breach of their non-delegable duty to exercise reasonable care for the safety of their business invitees.

26. Defendant, Otis was negligent insofar as it's employee failed to remove the elevator from service and/or to repair the elevator in a timely fashion upon learning that it was not leveling property.

27. In addition, all Defendants were negligent for failure to warn Plaintiff of the dangerous condition.

28. Plaintiff also avers Defendant, Otis was negligent in its failure to perform appropriate

inspection, testing and repair of the elevator components and systems to assure that they functioned safely as required in the maintenance agreement referenced above.

29. Elevators do not ordinarily level after the doors open with the exercise of due care in the inspection, maintenance and repair of the elevator.

30. Plaintiff, Deanna Medley was not injured as a result of her own negligence or voluntary act in stepping from the elevator insofar as she was in the process of stepping out when the elevator dropped and was unable to avoid catching her foot on the floor.

31. Insofar as the elevator was under the Defendants' exclusively control, they are negligent under the doctrine of *res ipsa loquitur* as well as in their failure to act with due care as set forth above.

32. As a result a result of the accident aforementioned, caused by the negligence of the Defendants, jointly and/or severally, herein Plaintiff, Deanna Medley sustained injuries to her head, its bones, tissues, cells, etc., including but not limited to concussion with traumatic brain injury, post-concussion syndrome, cerebral blood clot, recurring headaches, light headedness, memory loss, sleep loss, loss of consciousness, ringing in the ears and fatigue; injury to her cervical spine, its bones, tissues, muscles, cells, etc., including but not limited to C-3-4 herniation with narrowing of the neural foramina, C4-5 herniation with narrowing of the neural foramina, C5-6 protrusion, C6-7 herniation with narrowing of the neural foramina, cervical spondylosis, cervical radiculopathy, sprain and strain confirmed by MRI and aggravation of preexisting degenerative conditions; injury to her lumbar spine, its bones, tissues, muscles, cells, etc., including but not limited to disc herniations/protrusions at L3-4, L4-5, L5-S1 confirmed by MRI, lumbar radiculopathy, sprain and strain and aggravation of preexisting lumbar degeneration, asymptomatic and/or minimally symptomatic arthritic conditions together with

shock and injury to Plaintiff's nerves and nervous systems, some or all of which Plaintiff has been advised of are or may be permanent in nature. Plaintiff also makes claims for all injuries caused by the accident of which she has no knowledge of at this time.

33. As a result of the incident aforementioned, the Plaintiff has undergone severe physical pain and suffering, mental anguish, humiliation, embarrassment and loss of life's pleasures and will continue to endure same for an indefinite time in the future, all to the Plaintiff's great detriment and loss.

34. As a result of the incident aforementioned, the Plaintiff has been unable to attend to her usual daily duties and occupations and will be unable to attend same for an indefinite time into the future, all to the Plaintiff's great detriment and loss.

35. As a result of the incident aforementioned, the Plaintiff has been and continues to be obligated to expend various sums of money and incur diverse expenses in and about an effort to cure herself of the ills and injuries which she has suffered and will be obliged to continue to expend same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

36. As a result of the accident aforementioned, the Plaintiff has been subject to various liens asserted as a result of medical treatment she is receiving and will be obliged to receive now and for an indefinite time in the future. The amount of these liens is the direct and proximate result of the accident aforementioned.

WHEREFORED, Plaintiff demands judgment in her favor, jointly and/or severally, against Defendants in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with interest and costs.

## JURY DEMAND

Plaintiff, Deanna J. Medley hereby demands trial by jury for all issues so triable pursuant

Fed.R.Civ.P. 38.

NEFF AND ASSOCIATES

Date: 6/24/13

BY:

_____

BRUCE L. NEFF, ESQUIRE
Attorney for Plaintiff, Deanna J. Medley
Identification No.: 02415
Two Penn Center Plaza, Suite 1212
15th Street & JFK Boulevard
Philadelphia, PA 19102
(215) 564-3331
(215) 564-6952 (fax)
bneff@neffandassociates.com
Validation of Signature Code: BLN3365